UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PENNY QUINTEROS, | CASE NO. C19-1402 RSM |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| INNOGAMES, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter is before the Court on numerous *ex parte* motions filed by Plaintiff in the beginning stages of this action. No defendant has been served or appeared and summonses were only recently issued on November 6, 2019. The Court resolves the various pending motions as provided below.

## II. BACKGROUND

Defendant InnoGames created an online video game known as "Forge of Empires." Dkt. #3 at 6. Plaintiff, using the moniker "TwoCents," played Forge of Empires "almost every day without interruption from 2016–2019 for over 10,000 hours of game play." *Id.* Plaintiff alleges that InnoGames knew that players could get psychologically dependent or addicted to its game,

ORDER – 1

did not warn players of that risk, and instead exploited players with "micro-transactions."[1]  *Id.* at 8.  Plaintiff alleges that she became addicted to the game and spent over $9,000 on micro-transactions to "keep up" with players she believes were cheating.  *Id.* at 10.

Plaintiff appears to have had unpleasant social interactions and experiences while playing the game and attributes those experiences to the defendants.  Plaintiff believes that InnoGames's advertising for the game "created an unsafe environment for women players," such as herself.  *Id.* at 6–7.  Plaintiff alleges that she suffered harassment and that InnoGames did little to prevent the harassment, even after she raised the issue directly.  *Id.* at 7–8.  Rather, Plaintiff alleges that InnoGames and its employees enforced the rules unfairly and targeted her for harsher enforcement.  *Id.* at 9.  Plaintiff alleges that these actions were at least partly because of her gender.  *Id.* at 11.

Because of her experiences, Plaintiff alleges that "she has suffered extreme and serious emotional distress and depression, she has been unable to function independently, she has suffered psychological trauma, she has emotional symptoms of depression, anxiety, [and] thoughts of suicide."  *Id.* at 12.  Plaintiff asserts claims against InnoGames, its Chief Executive Officer, its Chief Operating Officer, and two of its "community managers" (collectively, "Defendants").  *Id.* at 2–3.  Plaintiff ultimately seeks recovery for physical and emotional damages, loss of reputation, economic harms, and violations of consumer protection laws.  *Id.* at 12–13.

//

//

//

---

[1] Plaintiff indicates that the micro-transactions are purchases of in-game items that allow the player to "advance in the game faster."  Dkt. #3 at 8–10.

ORDER – 2

### III. DISCUSSION

**A. Plaintiff's Request to Proceed Under a Pseudonym**

Plaintiff seeks to proceed under the pseudonym "TwoCents" to conceal her identity from everyone but the Court and Defendants. Dkt. #5 at 1. The request is based on the ongoing harassment Plaintiff has faced in Forge of Empires and her "fear[] that if her identity becomes known to her harassers they will escalate their behavior including potentially physical violence." *Id.* at 1–2.

**1. Legal Standard**

Permitting a party to pursue legal proceedings anonymously is unusual as it interferes with the public's strong common law right of access to judicial proceedings and conflicts with Federal Rule of Civil Procedure 10. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); FED. R. CIV. P. 10(a) (specifying that "[t]he title of the complaint must name all the parties"). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Does I thru XXIII*, 214 F.3d at 1068. Anonymity has generally been permitted: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature;' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct.'" *Id.* (alteration in original) (internal citations omitted). When determining the need for anonymity to protect from harm, courts look to: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted).

**2. Use of a Pseudonym Is Not Warranted**

The Court does not find that Plaintiff has carried her burden here. Plaintiff does not seek to shield her identity from Defendants, focusing the Court's consideration on Plaintiff's need for anonymity and any prejudice to the public's interest. Plaintiff identifies her own potential harm as the risk of retaliation and intrusion into her privacy, but Plaintiff largely ignores any prejudice to the public's interest.

Plaintiff's concerns over retaliation stem from the allegations of past harassment within Forge of Empires as she lays out in her Complaint. Dkt. #5 at 3. But, to the extent Plaintiff has provided any competent evidence through her motions and unverified Complaint, the Court finds the potential for harm is overly speculative. Plaintiff certainly *may* face further harassment, but Plaintiff does not establish a reason to believe that such harassment is *likely* to occur.

Plaintiff also expresses a need for privacy to protect her personal reputation and her future professional reputation.[2] Plaintiff's concerns in this regard arise primarily from an incident occurring within Forge of Empires where she shared a revealing photo that was subsequently spread within the community. *Id.* at 3; Dkt. #3 at 7. But Plaintiff's privacy concerns are again over-generalized.

"There is a strong presumption of public access to the court's files." LCR 5(g); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598–99 (1978); *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990). Plaintiff is correct that the public will be afforded access to the proceedings in this matter because she limits her request to protection only of her identity. Dkt. #5 at 3. While this limits the prejudice to the public's interest, it does not establish that "the circumstances here are extraordinary enough to warrant her use of a pseudonym." *D.C. v. Pierce*

---

[2] Plaintiff indicates that she plans to become an attorney. Dkt. #5 at 2.

ORDER – 4

*Cnty.*, No. C10-5246RJB, 2010 WL 3814051, at *2 (W.D. Wash. Sept. 27, 2010) (denying request to use pseudonym in a case alleging that defendant's law enforcement officer photographed plaintiff's genitals and posted the picture on a law enforcement website and noting that "[m]uch of what is litigated involves embarrassment for one party or another"). Moreover, the Court finds that while the nature of Plaintiff's photograph may be embarrassing, it is only a small aspect of her lawsuit and the Federal Rules of Civil Procedure provide other, less drastic, avenues to protect Plaintiff's privacy. *Id.* (noting that "the Federal Rules of Civil Procedure and the Western District of Washington provide vehicles by which a party may be shielded from unnecessary embarrassment"). The Court will not grant Plaintiff's requested relief here.

**B. Plaintiff's Motions to Seal**

In addition to Plaintiff's request to proceed under a pseudonym, she requests that several filings that reveal her identity be maintained under seal. Dkts. #6 and #8. Specifically, Plaintiff requests that the Court maintain the following under seal:

(1) Declaration and Application to Proceed *In Forma Pauperis* and Written Consent for Payment of Costs (Dkt. #1);

(2) Complaint for a Civil Case Alleging Negligence (Dkt. #3);

(3) Civil Coversheet (Dkt. #3-1);

(4) Affidavit of True Name (Dkt. #7);

(5) Motion to Reconsider *In Forma Pauperis* Decision (Dkt. #9); and

(6) Motion to Appoint a Person to Serve Summons (Dkt. #10).

Pending a ruling on Plaintiff's motions, the Court has maintained the entire matter under seal.

**1. Legal Standard**

"There is a strong presumption of public access to the court's files." LCR 5(g). The party seeking to seal a judicial record must overcome the strong presumption of public access by

ORDER – 5

establishing a "compelling reason" justifying sealing. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"[3] *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). However, the trial court must articulate a "factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179. Even after finding a compelling reason, "[t]he court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Center for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179) (alterations in original).

### 2. Sealing Is Not Appropriate on This Record

The Court need not consider Plaintiff's requests to seal specific documents in depth. The motions fail for many of the same reasons that Plaintiff's request to proceed under a pseudonym failed. The Court finds it sufficient to note that Plaintiff has not provided the necessary factual basis justifying sealing the documents at issue. The Court therefore denies Plaintiff's motions and unseals this matter in its entirety and the filings currently held under seal. However, nothing precludes Plaintiff from seeking similar relief at a later time.

### C. Plaintiff's Request to Proceed *In Forma Pauperis*

Plaintiff sought to pursue this matter *in forma pauperis*. Dkt. #1. The Honorable Michelle L. Peterson, United States Magistrate Judge, issued a Report and Recommendation advising the Court that Plaintiff's *in forma pauperis* application should be denied. Dkt. #2.

---

[3] "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

ORDER – 6

Plaintiff subsequently paid the filing fee on September 18, 2019. At the same time, Plaintiff filed a Motion to Reconsider *In Forma Pauperis* Decision. Dkt. #9. The Court interprets that Motion as timely objections to the Report and Recommendation.

The Court has the discretion to grant *in forma pauperis* status, waiving the filing and certain other fees. 28 U.S.C. § 1915; *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). To proceed *in forma pauperis*, "a party need not be completely destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). It is sufficient that a party "cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court cannot find that Plaintiff has satisfied the applicable standard here. Plaintiff's application indicates that her spouse earns a monthly net income of $4,800 and that they have approximately $100,000 of equity in their $350,000 home. Dkt. #1 at 1–2. Plaintiff objects that the filing fee is only a portion of the costs she will incur in pursuing her action, that she and her husband are $20,000 underwater on a second property, and that their expenses surpass their income. Dkt. #9. Plaintiff's arguments may tip the scales slightly, but not enough for the Court to find that Plaintiff approaches indigency. Plaintiff's request to proceed *in forma pauperis* is denied.

**D. Plaintiff's Motion to Appoint A Person to Serve Summons**

Plaintiff Motion to Reconsider *In Forma Pauperis* Decision was at least partly premised on the potential costs of service in this matter and Plaintiff requests, for much the same reasons and pursuant to Federal Rule of Civil Procedure 4, that the Court "appoint a person specifically charged and order [sic] to undertake the process of serving the summons on the Defendants."

ORDER – 7

Dkt. #10 at 1. Federal Rule of Civil Procedure 4 provides that on a party's request, "the court may order that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3). If a plaintiff is proceeding *in forma pauperis*, "[t]he court must [] order" service. *Id.*; 28 U.S.C. § 1915(c).

Plaintiff advances several arguments in support of her request that the Court appoint a person to undertake service of process on her behalf. Plaintiff indicates that four of the five Defendants reside in foreign countries and that she has mailed requests for waivers to each defendant but is not hopeful that they will be returned.[4] Dkt. #3 at 4; Dkt. #10 at 1–2. Thus, Plaintiff bases her motion on the anticipated upfront costs she will incur in properly serving foreign defendants pursuant to Hague Convention requirements, even if those costs are ultimately recoverable. Dkt. #10 at 2 (estimating $950 to $1,190 and more if she adds additional defendants). Further, Plaintiff expresses concern about her ability to accomplish timely service of the foreign defendants. *Id.* at 2–3. Lastly, Plaintiff is aware that InnoGames has resisted and challenged service in an unrelated lawsuit and fears that InnoGames will be able to similarly challenge service in her case unless the Court grants assistance. *Id.* at 4.

Plaintiff has not established that her requested relief is appropriate here. The Court first notes that Plaintiff has not been granted *in forma pauperis* status and that the Court therefore has discretion whether to assist with service. Importantly, Plaintiff does not identify an individual that she wants appointed and instead asks the Court to identify and appoint "a person skilled and knowledgeable in International Process Serving."[5] *Id.* at 5. Plaintiff also did not know, at the time of filing, whether Defendants would respond to her requests for waiver of service. Overall,

---

[4] The Court notes that there is a discrepancy between the date that Plaintiff asserts she completed mailing of requests for waiver of service and the date that she was issued summonses.

[5] Plaintiff does not establish that the U.S. Marshal is available to serve process internationally.

ORDER – 8

the Court is sympathetic to the difficulties and expenses associated with service in Plaintiff's case, but it is a case that Plaintiff has chosen to pursue. On this record, the Court does not find that the public should be forced to incur the costs of service in this case.

### E. Plaintiff's Request for Copies

Finally, Plaintiff has filed a Request for Copy of Complaint and Other Documents; Request to Wait to Correct Errors in Filings. Dkt. #11. Plaintiff is not required to seek leave to receive copies of documents. Further, the Court believes that Plaintiff has appropriately coordinated with the Clerk of Court to obtain the documents requested. To the extent Plaintiff "asks the court to temporarily unseal" documents to allow her to obtain copies, that relief is no longer necessary considering the Court's resolution of Plaintiff's other motions.

Plaintiff also notes several errors in documents that she has filed in this action and seeks leave to "wait to correct these errors and any others found until a decision regarding her Motion to Proceed Under Pseudonym has been made." *Id.* at 2. Because the Court has concurrently resolved that Motion, Plaintiff need not wait to correct any errors and no relief is necessary. The Court will therefore deny the requests as moot.

## IV. CONCLUSION

Having reviewed Plaintiff's filings and the remainder of the record in this matter and for the reasons above, the Court finds and ORDERS:

1. The Court adopts the Report and Recommendation (Dkt. #2) and rejects Plaintiff's objections thereto (Dkt. #9). Plaintiff's Declaration and Application to Proceed *In Forma Pauperis* and Written Consent for Payment of Costs (Dkt. #1) is DENIED.
2. The Motion for Plaintiff to Proceed Under Pseudonym and For A Protective Order (Dkt. #5) is DENIED.

ORDER – 9

3. The Motion for Plaintiff to File Under Seal a True Name Affidavit, Complaint, Cover Sheet and IFP Declaration (Dkt. #6) and the Motion for Plaintiff to File Under Seal a Motion to Appoint a Person to Serve Summons and a Request for Reconsideration of IFP (Dkt. #8) are both DENIED.

   a. This case shall be UNSEALED BY THE CLERK.

   b. Plaintiff's Complaint for a Civil Case Alleging Negligence (Dkt. #3) and her Civil Coversheet (Dkt. #3-1) shall be UNSEALED BY THE CLERK.

   c. Plaintiff's Affidavit of True Name (Dkt. #7) shall be UNSEALED BY THE CLERK.

4. The Motion to Appoint a Person to Serve Summons (Dkt. #10) is DENIED.

5. The Request for Copy of Complaint and Other Documents; Request to Wait to Correct Errors in Filings (Dkt. #11) is DENIED as moot.

DATED this 13th day of November 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE