UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PENNY QUINTEROS, | CASE NO. C19-1402 RSM |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| INNOGAMES, et al., | |
| Defendants. | |

This matter is before the Court on various motions and filings. The Court lays out some applicable background and addresses the motions as follows.[1]

I.     BACKGROUND

Defendant InnoGames—a German business entity—created an online video game known as "Forge of Empires." Dkt. #3 at 6. Plaintiff, using the moniker "TwoCents," played Forge of Empires "almost every day without interruption from 2016–2019 for over 10,000 hours of game play." *Id.* Plaintiff alleges that InnoGames and the individually named defendants[2] knew players

---

[1] Plaintiff requested oral argument on three of the pending motions. *See* Dkts. #18, #19, #24, and #25. But the Court finds oral argument unnecessary to resolve the motions. LCR 7(b)(4).

[2] In addition to bringing this action against InnoGames, Plaintiff names Hendrik Klindworth, CEO of InnoGames, Michael Zillmer, COO of InnoGames, and two "Community Managers," Julie (Jill) Blan and Richard Stephenson. Dkt. #3.

ORDER – 1

could get psychologically dependent or addicted to the game but did not warn players of that risk and instead exploited players with "micro-transactions."[3] *Id.* at 8. Plaintiff believed, from Defendants' representations, that the game presented a level playing field and she sought to excel at the game. This resulted in Plaintiff becoming addicted to the game and spending over $9,000 on micro-transactions to "keep up" with players she now believes were cheating. *Id.* at 10.

Plaintiff also appears to have had unpleasant social interactions and experiences while playing the game and attributes those experiences to Defendants. Plaintiff believes that InnoGames' advertising for the game "created an unsafe environment for women players," such as herself. *Id.* at 6–7. Plaintiff alleges that she suffered harassment and that InnoGames and the individually named defendants did little to prevent the harassment, even after she raised the issue directly. *Id.* at 7–8. Rather, Plaintiff alleges that InnoGames and the individually named defendants enforced the rules unfairly and targeted her for harsher enforcement. *Id.* at 9. Plaintiff alleges that these actions were at least partly because of her gender. *Id.* at 11.

Because of her experiences, Plaintiff alleges that "she has suffered extreme and serious emotional distress and depression, she has been unable to function independently, she has suffered psychological trauma, she has emotional symptoms of depression, anxiety, [and] thoughts of suicide." *Id.* at 12. Plaintiff ultimately seeks recovery for physical and emotional damages, loss of reputation, economic harms, and violations of consumer protection laws. *Id.* at 12–13.

Plaintiff has proceeded in this matter pro se and has justifiably had difficulty serving Defendants residing outside of the United States. After Plaintiff was able to serve the one domestic Defendant—Community Manager Julie (Jill) Blan ("Blan")—she sought default and

---

[3] Plaintiff indicates that the micro-transactions are purchases of in-game items that allow the player to "advance in the game faster." Dkt. #3 at 8–10.

ORDER – 2

default judgment when Blan failed to appear. Dkt. #14. Blan appeared and concurrently sought dismissal of the claims against her. Dkt. #15. In turn, Plaintiff sought sanctions against Blan's counsel. Dkt. #24. Plaintiff has also sought reconsideration of one of the Court's earlier orders with which she takes issue. Dkt. #21.

## II. DISCUSSION

### A. Plaintiff's Request for Entry of Default and Default Judgement

#### 1. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(a), default must be entered by the clerk where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). In support of a request for the entry of default, the Court's local civil rules require that the moving party submit an affidavit "specifically show[ing] that the defaulting party was served in a manner authorized by FED. R. CIV. P. 4. A motion for entry of default need not be served on the defaulting party." LCR 55(a).

As to a motion for default judgment, the Court's local rules clearly require that "[n]o motion for judgment by default shall be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered." LCR 55(b)(1).

#### 2. The Court Will Not Enter Default Judgment and Will Excuse Blan's Default

The Court begins by easily concluding that default judgment should not enter. First, a motion for default judgment may only be filed after the entry of default. LCR 55(b)(1); *Gottschalk v. City & Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1165 (N.D. Cal. 2013) ("entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk") (citation omitted). Second, default judgment does not appear appropriate under even a cursory consideration of the *Eitel* factors. *See Eitel v. McCool*, 782

ORDER – 3

F.2d 1470, 1471–72 (9th Cir. 1986); Dkt. #17 at 2–3 (Blan analyzing *Eitel* factors). Third, Plaintiff's judgment does not seek a sum certain and Plaintiff does not adequately support her requested damages.[4] *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (at default judgement stage, court can presume factual allegations related to liability but "does not presume the truth of any factual allegations related to the amount of damages").

The more difficult consideration may be whether to find Blan in default. Plaintiff submits proof that she served Blan on November 13, 2019, by leaving process at Blan's usual place of abode with her husband. Dkt. #14 at 17–19; *see also* FED. R. CIV. P. 4(e)(2)(B) (authorizing service of complaint and summons by leaving "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"). Blan does not dispute this and instead argues, without factual support, that she is disabled and had difficulty retaining counsel before her untimely appearance on December 19, 2019. Dkt. #17 at 2.[5] Blan's arguments against entry of default are largely ineffectual procedural arguments premised on minor alleged violations such as Plaintiff's failure to attach a proposed order of default to her motion and Plaintiff's failure to provide notice of her motion. *Id.* But Plaintiff was not required to provide notice before seeking default, LCR 55(a), and the Court finds the minor procedural arguments unavailing. Solely upon on the arguments for the parties, the Court could likely find that Blan is in default.

---

[4] Plaintiff maintains that the "case is for a sum certain as stipulated by [her] affidavit." Dkt. #18 at 2; Dkt. #14 at 20–22 (Plaintiff seeks $180,000 for loss of income, $500,000 for damage to reputation, $500,000 for physical and emotional damage, and several miscellaneous amounts).

[5] This argument further ignores that Blan likely received notice of this action much earlier when Plaintiff mailed a waiver of service to all Defendants at InnoGames' headquarters and subsequently when Blan and Plaintiff appear to have likely had several relevant online interactions. Dkt. #14 at 2, 4–14.

ORDER – 4

But the Ninth Circuit has established a strong preference for resolving matters on their merits and have encouraged district courts to be solicitous in excusing default, especially where a party lacked the benefit of counsel. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) ("*Mesle*"). Default may be excused for good cause. FED. R. CIV. P. 55(c). In this context, good cause turns on three factors: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Mesle*, 615 F.3d at 1091 (quoting *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)) (quotation marks omitted). The inquiry is to focus on "extreme circumstances." *See id.* at 1091–92.

Because the Court finds that Blan could likely establish that any technical default should be excused, the Court finds it appropriate to deny Plaintiff's request for entry of default in the first instance. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) ("the district court had the authority to set aside *sua sponte* an entry of default . . . for good cause"). First, Plaintiff offers nothing to show that Blan's was culpable for her default. *Mesle*, 615 F.3d at 1092 (party is culpable for intentional failure to answer premised on bad faith, intent to interfere with judicial decisionmaking, or manipulation of the legal process). Second, Blan appears to have raised meritorious defenses. *See* Dkt. #22; *Mesle*, 615 F.3d at 1094 (defense has merit where supported by sufficient allegations—courts need not resolve factual contentions that will be subject to further litigation). Third, Plaintiff does not demonstrate that she will sustain any true prejudice if default is not entered. *Id.* at 1095 (prejudice must be "greater harm than simply delaying resolution of the case"). Ultimately, the lack of prejudice to Plaintiff and Blan's presence and anticipated defense on the merits, cut against an entry of default here.

ORDER – 5

**B. Blan's Motion to Dismiss**

Blan's first appearance, on December 19, 2019, was by way of "Defendant Jule [sic] Blan's Motion to Dismiss Complaint." Dkt. #15. The less than two-page filing argues that Blan does not have "an ownership interest or any type of agency in or with Defendant InnoGames" and that she should accordingly be dismissed. *Id.* at 2.

**1. Legal Standard**

Blan argues that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not satisfied the *Iqbal/Twombly* pleading standard. *Id.* at 2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Those cases require district courts to disregard conclusory pleadings and determine whether a complaint supports "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). When the court is interpreting the "inartful pleadings of pro se litigants," however, the court is to hold the pleadings to a "less stringent standard than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**2. Dismissal Is Not Appropriate**

The Court is not persuaded by Blan's overly conclusory argument that "Plaintiff neither alleges that Blan has an ownership interest in InnoGames nor took or personally managed any acts or omissions that caused or contributed to Plaintiff's alleged injuries." Dkt. #15 at 2. Blan does not explain why that requires dismissal and does not point to any legal authority supporting that contention. *See id.* Blan does break out Plaintiff's legal claims on reply and provides legal arguments for why Plaintiff's claims should be dismissed. *See* Dkt. #22 at 2–4. But the Court will not consider these arguments made only in reply and without Plaintiff having been afforded

an opportunity to address them.[7] *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived") (citation omitted).

The record before the Court is scant. But Plaintiff specifies that her allegations are against all the Defendants. Dkt. #19 at 1–2. Plaintiff unquestionably complains that she was injured by conduct occurring within Defendants' game and provides reasons Defendant Blan was plausibly responsible for those injuries. *See* Dkt. #3; Dkt. #19. Plaintiff's claims are not wholly conclusory. Whether Plaintiff will ultimately be able to establish her legal claims is a separate matter. Blan may be correct that Plaintiff's claims lack legal support, but the Court will not decide the issue on the limited record before it. The Court denies Blan's motion to dismiss without prejudice to refiling.[8]

**C. Plaintiff's Motion for Reconsideration**

On December 27, 2019, Plaintiff filed a document captioned "Objection/Motion to Reconsider 'Order Adopting Report and Recommendation and Rejecting Plaintiff's Objections Thereto . . .'" Dkt. #21. This filing seeks reconsideration of a November 13, 2019 Order of the Court. Motions for reconsideration are disfavored by this Court's local civil rules. LCR 7(h)(1) ("The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."). Even so, the Court's local rules plainly require that such a "motion shall be filed within fourteen days after the order to which it relates

---

[7] Plaintiff did file an untimely and overlength surreply partially addressing Blan's arguments on reply. Dkt. #25. The Court need not, and does not, consider it. LCR 7(g).

[8] Because of the Court's conclusion that the record does not support dismissal, the Court does not find it necessary to consider whether a defendant in default may file a motion to dismiss.

ORDER – 7

is filed." LCR 7(h)(2). Accordingly, the Court will strike Plaintiff's untimely motion for reconsideration as procedurally improper and otherwise deny it as moot.

### D. Plaintiff's Motion for Sanctions

Finally, Plaintiff has asked the Court to impose sanctions of $4,552.64 against Blan's counsel because Blan indicated that she is disabled in explaining her delay in appearing in this action. Dkt. #24. Plaintiff relies on Federal Rule of Civil Procedure 11. That rule allows the imposition of sanctions where a motion is presented for an improper purpose, lacks legal support or "a nonfrivolous argument" for the position, or where factual contentions lack evidentiary support. FED. R. CIV. P. 11(b)(1)–(3), (c). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Yith v. Nielsen*, 343 F. Supp. 3d 938, 951 (E.D. Cal. 2018) (quoting *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)).

Plaintiff's main complaints are that Blan represents herself as disabled: (1) despite being able to perform her job functions for InnoGames; (2) without identifying an applicable legal definition by which to judge disability; and (3) to further an improper purpose. Dkt. #24. Quite simply, the record is inadequate for the Court to impose sanctions here. Blan does not have to be legally or fully disabled for the consideration to be relevant to the issue of reasonable delay. Nor does Plaintiff demonstrate that the representation is false. Blan's assertion is unsupported—a factor weighed by the Court—but that does not mean that it lacks factual support. Lastly, Plaintiff's speculation that the assertion was made for an improper purpose is not sufficient for the imposition of sanctions here.

### III. CONCLUSION

Having reviewed the parties' motions, the related briefing, and the remainder of the record, the Court hereby finds and ORDERS:

ORDER – 8

1. Plaintiff's Proof of Service on Defendant Julie Blan[,] Request for Entry of Default[, and] Request for Default Judgment (Dkt. #14) is DENIED.

2. Defendant Jule [sic] Blan's Motion to Dismiss Complaint (Dkt. #15) is DENIED without prejudice to refiling.

3. Plaintiff's Objection/Motion to Reconsider "Order Adopting Report and Recommendation and Rejecting Plaintiff's Objections Thereto . . ." (Dkt. #21) is STRICKEN as procedurally improper and otherwise DENIED as moot.

4. Plaintiff's Motion to Impose Sanctions on Philip A. Haas Attorney for Defendant Julie Blan (Dkt. #24) is DENIED.

DATED this 2 day of March 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 9