UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Penny Quinteros,<br><br>                        Plaintiff(s),<br>    v.<br><br>InnoGames, *et al.,*<br><br><br>                        Defendant(s). | CASE NO. C19-1402 RSM<br><br>MOTION FOR RECONSIDERATION OF JUDGEMENT<br><br>Noted for Determination on:<br><br>03/29/2022 |

**MOTION FOR RECONSIDERATION OF JUDGEMENT**

      Plaintiff respectfully asks that the Court reconsider the Judgement of Dismissal because the Court has manifest error in its ruling. In addition there is legal authority that was not addressed by the Court. There are also further and new facts the Court should consider.

*PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement*-1

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

Your honor, I am begging you to reconsider. As discussed in #4 *infra,* Plaintiff has knowledge and belief to say that at least 13 additional women have fallen prey to Forge of Empires moderators exploiting them for sexual photographs and videos. Twelve of these women have been subject to sexual exploitation **after** I have filed my complaint. If you do not reconsider, there will be more women, like myself, who get exploited for photographs. InnoGames recruits men into their game promising them that they can rape women in the game, and then promotes these men to be secret moderators with confidential knowledge and power in the game. I honestly don't know how much more reckless a company can get. There is nothing speculative about this trend. I know that I was rude during my interactions with InnoGames staff, particularly near the end of our interactions, but I didn't try to hide that from you. These tickets represent only the face InnoGames wanted to show the public, not what was actually going on. I was hurting and angry, but that doesn't mean that I'm wrong.

The reasons for reconsideration are:

1. The Court has only indicated that Section 230 of the Communications Decency Act (CDA) dismisses any claim for "user-generated content." Dkt. #94 at 7. Since Plaintiff is alleging the content was made by and in collaboration with InnoGames and its staff, this decision does not actually moot Plaintiff's complaint. Nor did Plaintiff claim damages for restriction of access to Forge of Empires. *See generally* Am. Compl. Dkt. #52. Therefore a motion to dismiss is not appropriate on this issue. Logically the Court needs to determine that *all* of the harassment was done by persons other than InnoGames

PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement-2

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

moderators before Section 230 can dictate all claims are dismissed. As per argument 4 *infra* Plaintiff has provided an Affidavit stating that at least one moderator was harassing the Plaintiff including a photograph. The Court has not established why it would disregard this evidence.

2. In order to find that Section 230 of the CDA shields InnoGames from liability, the Court must find that they took the moderation actions in good faith. That finding is absent in the Court's decision.

3. The Court erroneously identifies the sexual-advertisements that created the unsafe environment as "conduct from other users of Defendant's game." Dkt. #94 at 8. These advertisements were created by InnoGames agents on behalf of InnoGames and ratified by InnoGames. Am. Compl. ¶27. Creation of these advertisements is direct misfeasance because they created the dangerous conditions that injured Plaintiff. Plaintiff fails to see how Section 230 of the CDA could immunize a company from its own dangerous actions. Nor does the Court explain how it made the leap from what the Plaintiff alleged (InnoGames ordered and authorized these ads) to the court's final conclusion (InnoGames did not make these ads).

4. The Court is required to accept the factual complaints as true. Dkt. #94 at 1–2. The Court says that the claim that a moderator stole Plaintiff's photograph and transmitted it is "implausible speculation." Dkt. #94 at 14. In fact, Defendants have submitted and admitted that at least one other woman has filed a lawsuit over very similar facts of moderators sexually harassing her, Dkt. #66, and Plaintiff has recently learned that there

PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement-3

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

1 are claims that at least 12 women have been exploited for sexual videos by InnoGames
2 moderators in Forge of Empires. A player in the game notified me approximately a
3 month ago that moderators were offering to help new players, getting to know them well,
4 asking them for sexual videos, and if sent, they would secretly collect these videos
5 without these women's knowledge and post them on a website to distribute to other Forge
6 of Empires players. It is outrageous conduct. It's not implausible conduct. There is a
7 proven trend that the Court should consider.

8  5. The Court seems to fail to consider that Gensmoky may have been a moderator. Dkt. #94
9 at 3, 8. The Court and Defendants seem to believe that Gensmoky sent the photograph to
10 other players. Plaintiff alleged that players were secret moderators and at no time did
11 Defendants state that Gensmoky was not a moderator. Plaintiff is entitled to discovery at
12 least to the extent of verifying who was and was not a moderator at the time of her
13 harassment and verifying the usernames with those who were harassing her before the
14 Court arbitrarily decides that these were "third-party" persons. There is a logical fallacy
15 included in the Court's ruling: "Gensmoky sent the photo, therefore it was a third-party to
16 InnoGames who sent the photo"… but no one has argued that Gensmoky is a third-party
17 to InnoGames, therefore the conclusion cannot follow from the premise.

18  6. Based on the above, false, assumption that it was only third-party players and not the
19 agents of InnoGames engaging in harassment, the Court has dismissed a majority of
20 Plaintiff's claims. Plaintiff should be given the opportunity to engage in discovery to
21 prove that at least some moderators engaged in and promoted the harassment. This is

*PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement*-4

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

particularly true in light of the fact that Plaintiff has submitted an affidavit from a well-respected community member that included a photograph, Dkt. #92, stating that a moderator known as Burrito77 was engaged in harassing Plaintiff (see Exhibit 20, *also see* Am. Compl. Dkt. # 52).

7. The Court refers to harassing language of Plaintiff's, Dkt. 94 at 5,but fails to note that this occurred 2-years after Defendants' primary actions and it was a reaction to the severe emotional distress inflicted by Defendants. It has no relevance to the malfeasance and breach of contract committed by the Defendants years earlier. The Defendant and the Court errs in considering these statements as proof in this action since Plaintiff is not asking for a remedy in equity but is seeking only a remedy in law. *See* Dkt. #94, at 7, ln. 12-15. The Court is inappropriately considering an "unclean hands" argument. It simply is not relevant to the actions before the court. Further, Plaintiff's character, can be proven by the fact that she is currently a White House intern. Making a credibility determination based only on limited interactions with one entity seems to ignore the totality of the circumstances. As the harassment got worse, I got more angry with InnoGames and its staff, it's as simple as that, but these interactions are not relevant except to establish that I was indeed severely emotionally disturbed.

8. The Court erroneously indicates that only third-party players breached the contract(s) Dkt. #94 at 15 ln. 10. As to contract and promissory estoppel, I would ask the Court to closely read the Game Rules and the Terms and Conditions of the game. *See* Dkt. #52 at ₱25, 83. (Plaintiff has asked for a copy of the original Terms and Conditions in place

PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement-5

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

when she signed up from Defendant's counsel but has not been provided it, Plaintiff can only rely on what was posted at the time of the complaint.) The rules state, "InnoGames *does not accept* any publications of [illegal, insulting, offensive, or inappropriate] content." (emphasis mine). The Terms and Conditions specifically incorporate this rule statement. The Terms and Conditions further state that "If we become aware of illegal content or content pursuant to Art. 12.3, *such content will be removed immediately*." Terms and Conditions Art. 12.3, 13.3 (emphasis mine) Dkt. #52, 44-45. These are at least two binding covenants on InnoGames that InnoGames breached. They accepted publications and did not remove the content immediately. The court erroneously identifies these breaches as third-party breaches, when in fact InnoGames created their own duties which they didn't fulfill. InnoGames did promise that in exchange for my money, they would (1) not accept offensive content and (2) would remove such content immediately. *See* Dkt. #94 at 15. Attempting to remove such content is still a breach of accepting it, and it's a breach of not removing it immediately.

9. The Court failed to consider that Section 230 of the CDA is unconstitutional as it deprived plaintiff of a property interest in a paid-account without due process of law under the 5th and 14th Amendments (*See* Dkt. #76 at 11 fn. 9). In *Norwood v. Harrison* (1973) the US Supreme Court held that it is "axiomatic that a state may not induce, encourage or promote private persons to accomplish what it is constitutionally forbidden to accomplish. 413 U.S. 455, 465 (quoting *Lee. v. Macon County Board of Education*, 267 F.Supp. 458, 475–76 (MD Ala. 1967). Here Congress is not allowed to deprive me of

PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement-6

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

my property right (be it physical property or intellectual property) in my paid-for account without due process of law, however they are not just authorizing, but strongly have incentivized private companies like InnoGames to do so. In *Railway Employee's Department v. Hanson,* 351 U.S. 225, 232 (1956) and in *Skinner v. Railway Labor Executives Association*, 489 U.S. 602, 614–15 (1989) the US Supreme Court again held that pre-empting state law to immunize a party from liability was unconstitutional state action even if the federal government only encouraged, but did not mandate the immunized actions. The Court failed to address this argument in its ruling to dismiss. Dkt. #94.

10. The Court fails to cite to any Washington State case law that holds that a video game is not a product. I ask the Court to reconsider as this is a terrible precedent to set in the age of the "metaverse" and also runs contrary to a prior 9th Circuit decision. *See Winter v. G.P. Putnam Sons,* 938 F.2d 1033, 1036 (9th Cir. 1991) (stating that computer software that fails to yield the results for which it was designed may be a product). *See also Roommates.com* 512 F.3d 1157, 1161 (9th Cir. 2008) (a defendant's action that is illegal in the physical world, doesn't magically become legal when done online). This precedent setting decision should allow a minimum of oral arguments on the motion.

11. The Court did not allow Plaintiff to establish that the copyrighted photograph was transmitted by InnoGames after its copyright status. Further Plaintiff should be given the opportunity to shore up the argument that the photograph was not published at the time it

PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement-7

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

was sent in 2016 because it was transmitted only to one single party and this occurred through extortion.

12. Unpaid moderators may be considered employees of the game in which they act as moderators as per *Reab v. Elec. Arts, Inc*., 214 F.R.D. 623 (D. Colo. 2002). Therefore a position as a Social Media Moderator was an offer of employment. *See* Dkt. # 94 at 17. Additionally since Defendants had a copy of plaintiff's driver's license which included her gender, the Defendant's assertion that the reviewing moderator didn't know of Plaintiff's gender should be subject to the scrutiny of discovery.

13. As per defamation, the Court relies on Defense's mischaracterizations of what is at issue. Plaintiff alleges that the Defendants *themselves* transmitted messages using their *internal InnoGames chat features* exclusive to moderators slandering Plaintiff's character causing her to get banned more often. Am. Compl. Dkt. #52 ¶58. It is impossible for these communications to be third-party communications as asserted by Defendants because only moderators had access to these communication platforms. *See* Dkt. 94 at 9 (quoting Dkt. 64 at 19). In order for the Court to conclude that these are not statements of false truth, discovery would have to proceed to see exactly what words were used and in what light. Nor could InnoGames proprietary chat applications and the moderators themselves using them lead to a dismissal under Section 230 of the CDA.

For the above reasons, Plaintiff respectfully implores the Court to reconsider its decision to dismiss.

*PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement*-8

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

1
2
3        _/s/ Penny Quinteros_____                    _03/28/2022_____

4            Penny Quinteros *Pro Se*                    Date
             The UPS Store #4579
5            14201 SE Petrovitsky Rd A3-102
             Renton, WA 98058
6            elilyn@comcast.net
             Phone: 206-661-8292

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22   *PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement*-9
                                                                                Penny
23 Quinteros
                                                                The UPS Store #4579
24                                                              14201 SE Petrovitsky Rd
                                                                A3-102
                                                                Renton, WA 98058
                                                                Phone: 206-661-8292
                                                                elilyn@comcast.net

# CERTIFICATE OF SERVICE

I certify that on the ___29th_ day of __March_____ ____2022__ , I filed this MOTION FOR _RECONSIDERATION OF JUDGEMENT___with the Clerk of the Court, and I hereby certify that I served a true and correct copy of the document as follows:

Diana S. Breaux
315 Fifth Avenue S, Suite 1000
Seattle, WA 98104
dianaab@summitlaw.com

Alan Behr (admitted Pro Hac Vice)
Elizabeth A. Adinolfi (admitted Pro Hac Vice)
485 Lexington Avenue
New York, NY 10017
abehr@phillipsnizer.com
eadinolfi@phillipsnizer.com

☐ By causing a full, true and correct copy thereof to be MAILED in a sealed, postage-paid envelope, addressed as shown above, which is the last-known address for the party, and deposited with the U.S. Postal Service at Renton, WA, on the date set forth above;

☐ By causing a full, true and correct copy thereof to be HAND-DELIVERED by _____ to the party, at the address listed above, which is the last-known address for the party's office, on the date set forth above;

☐ By causing a full, true and correct copy thereof to be FAXED to the party, at the fax number shown above, which is the last-known fax number for the party's office, on the date set forth above.

☒ By causing a full, true and correct copy thereof to be EMAILED to the party, at the email address shown above, which is the last-known email address for the party's office, on the date set forth above.

By: Penny Quinteros *Pro Se*
The UPS Store #4579

*PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement*-10

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

14201 SE Petrovitsky Rd A3-102
Renton, WA 98058
elilyn@comcast.net
Phone: 206-661-8292

*PLAINTIFF PENNY QUINTEROS'S MOTION FOR Reconsideration of Judgement*-11

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Penny Quinteros, _____

_____,

      Plaintiff(s),

 v.

InnoGames, *et al.,*

      Defendant(s).

CASE NO. C19-1402 RSM

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF JUDGEMENT

THIS MATTER having come on for consideration of Plaintiff's March 29, 2022 MOTION FOR RECONSIDERATION OF JUDGEMENT, and being duly advised in the premises, it is ORDERED as follows:

Judgment of Dismissal is vacated and the case is remanded for further consideration.

Dated this _____ day of _____, _____.

_____
THE HONORABLE RICARD S. MARTINEZ
UNITED STATES DISTRICT JUDGE

PROPOSED ORDER FOR_____

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

Presented by:

_____/s/ Penny Quinteros   01/06/2021
Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net

PROPOSED ORDER FOR_____

Penny Quinteros
The UPS Store #4579
14201 SE Petrovitsky Rd
A3-102
Renton, WA 98058
Phone: 206-661-8292
elilyn@comcast.net