UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PENNY QUINTEROS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>INNOGAMES, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C19-1402RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Penny Quinteros's Motion for Reconsideration, Dkt. #96, filed the same day as the Court's Order Granting Defendants' Motion to Dismiss, Dkt. #94. Plaintiff moves the Court to reconsider its Order, arguing there was manifest error in the ruling, legal authority that was not addressed, and new facts for the Court to consider. Dkt. #96 at 1.

The Court incorporates by reference the factual background of its Order.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). No response to a motion for reconsideration shall be filed unless requested by the court. LCR 7(h)(3).

ORDER DENYING MOTION FOR RECONSIDERATION - 1

The Court has determined that a response brief is unnecessary.

Plaintiff's Motion is conveniently separated into a 13-point list. The Court will not repeat all of Plaintiff's arguments. In an initial paragraph, Plaintiff states "InnoGames recruits men into their game promising them that they can rape women in the game, and then promotes these men to be secret moderators with confidential knowledge and power in the game." Dkt. #96 at 2. Plaintiff did not plead this[1] or submit evidence to support such an accusation, and she does not submit new evidence with this Motion. The Court will address Plaintiff's list:

1. The Court found that "Section 230 of the Communications Decency Act does apply to the facts of this case and provides immunity to Defendants for all claims arising from the publication of user-generated content," and that "Defendants are immune from Plaintiff's claims related to their restriction of her access to Forge of Empires in an effort to prevent her from publishing 'obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable' content." Dkt. #94 at 7. Many of Plaintiff's claims related to user-generated content and a restriction of her access to Defendants' game, Forge of Empires. Other claims related to the actions of Defendants directly and were not affected by Section 230. The Court did not disregard any claims or evidence properly in the record.

2. Plaintiff states "In order to find that Section 230 of the CDA shields InnoGames from liability, the Court must find that they took the moderation actions in good

---

[1] Plaintiff pled that she had "examples of pornographic advertisements to be attached separately by exhibit." Dkt. #52 at 16. Such exhibits were not attached to the Amended Complaint. She pled that "*Forge of Empires* was contracting with third-party advertisers who solicited mostly male players into the game with pornographic advertisements that illegally mislead the public using language such as: 'brutal sex' or 'aggressive sex' would occur in the game, and 'Most of the characters in this game are sexually attractive females who display sexually explicit behavior.'" *Id.* On December 18, 2020, two months after the noting date for the Motion to Dismiss, she filed an "exhibit" with pornographic advertisements. *See* Dkt. #84. Such filing was not made with leave of the Court, did not automatically attach to the Amended Complaint, and was not permitted as part of the briefing on the Motion to Dismiss.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

faith." Dkt. #96 at 3. Plaintiff is presumably referring to Defendants' actions to prevent her from publishing obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable content. The support for such actions were discussed in the Order. The Court finds that, based on the facts of this case, Plaintiff has failed to demonstrate manifest error.

3. The Court did not "erroneously identif[y] the sexual-advertisements that created the unsafe environment as 'conduct from other users of Defendant's game.'" Dkt. #96 at 3. The advertisements were in a list with "other complaints related to conduct from other users." *See* Dkt. #94 at 8. The Court found that the Amended Complaint failed to plead sufficient facts to support a claim for negligence, gross negligence, or willful or wonton conduct based on the alleged advertisements and other facts discussed in that section. Plaintiff has failed to demonstrate manifest error.

4. Under the legal standard used by the Court in ruling on a 12(b)(6) Motion, the Court "accepts all facts alleged in the complaint as true," however it also evaluates the pleading for "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and need not accept as true a legal conclusion couched as a factual allegation. Dkt. #94 at 6. The Court's Order properly applied this standard. Plaintiff's statement that there is new evidence "that at least 12 women have been exploited for sexual videos by InnoGames moderators in Forge of Empires" does not change the Court's ruling, for two reasons: first, because Plaintiff does not cite to anything to support the statement that there is new evidence, and second because Plaintiff fails to explain how such evidence is linked to her claims or otherwise prevents the Court from dismissing her claims.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

5. Plaintiff is not entitled to further discovery because her claims were dismissed under Rule 12(b)(6).  The Court found that Plaintiff failed to plead sufficient facts to establish Defendants' liability for the alleged harassment of moderators under any of her causes of action.

6. The Court need not consider Dkt. #92, an exhibit submitted without leave of the Court and well after briefing was closed on this Motion.

7. The Court does not condone the harassment experienced by Plaintiff as alleged in this case.  However, Plaintiff's own harassing language was relevant to this case and properly considered in the Court's Order.  It explains the actions taken by Defendants to limit her access to their service.  Plaintiff fails to demonstrate manifest error in the Court's rulings, which speak for themselves.

8. Plaintiff asks the Court to "closely read the Game Rules and the Terms and Conditions" in support of her argument that Defendants breached the contract.  The Court continues to find no basis to support her contractual claims for the reasons stated in its Order.

9. The Court will not consider Plaintiff's argument as to the constitutionality of Section 230 of the CDA, raised for the first time on a motion for reconsideration.

10. The Court will not consider new argument related to Plaintiff's product liability claim that could have been raised earlier with reasonable diligence.  In any event, Plaintiff has failed to demonstrate manifest error.

11. Plaintiff argues that she should be given the opportunity "to shore up" her arguments related to her copyright claim.  Dkt. #96 at 7.  She has failed to demonstrate good cause to supplement the factual record after the Court's ruling, or otherwise demonstrated manifest error.

12. Plaintiff cites to a new case to argue that "[u]npaid moderators may be considered employees of the game in which they act as moderators." *Id*. at 8. Plaintiff fails to explain why she could not have included this legal authority in her prior briefing. The facts of that case do not necessarily match the facts of this case. In any event such does not demonstrate manifest error in the Court's ruling.

13. With regard to the defamation claims, the Court found that "[e]ven accepting all facts in the Amended Complaint as true and making all inferences in the light most favorable to Plaintiff, this claim fails because these communications could not plausibly be considered statements of false truths." The defamatory statements in the pleading were "invective, opinions, and unpleasantries in the category of those Plaintiff admits she sent to rattle opposing players." *See* Dkt. #94 at 9–10 (citing Dkt. #64 at 19). Such was the basis for the dismissal of these claims and further discovery is not needed.

The Court has reviewed Plaintiff's lengthy Motion and finds no manifest error in its prior ruling or new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. The Court hereby finds and ORDERS that Plaintiff Penny Quinteros's Motion for Reconsideration, Dkt. #96, is DENIED.

DATED this 30th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 5