UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PENNY QUINTEROS filing as TWOCENTS (a pseudonym),<br><br>                     Plaintiff,<br><br>        v.<br><br>INNOGAMES, HENDRIK KLINDWORTH, MICHAEL ZILLMER, JULIE (JILL) BLAN, RICHARD STEPHENSON,<br><br>                     Defendants. | **Case No. 19-cv-01402-RSM**<br><br>**ORDER DENYING DEFENDANTS' MOTION TO SEAL** |

This matter comes before the Court on Defendants' Unopposed Motion to Seal Exhibit A to the Declaration of Alan Behr in Support of Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. Dkt. #113. Plaintiff has not filed a response. For the reasons set forth below, the Court DENIES Defendants' Motion to Seal.

"There is a strong presumption of public access to the court's files." LCR 5(g). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal . . . with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However:

ORDER ON MOTION TO SEAL - 1

> Where parties have entered a litigation agreement or stipulated protective order (*see* LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

*Id.*

There does not appear to be a litigation agreement or stipulated protective order in this case. However, Defendants indicate that Plaintiff is opposed to the publication of the exhibit. Dkt. #113 at 1. Thus, the Court would expect arguments from Plaintiff in support of maintaining the exhibit under seal. Plaintiff has not a filed a response.

A "good cause" showing under Fed. R. Civ. P. 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir. 2003).

At issue is a photograph depicting Plaintiff Ms. Quinteros' upper torso in an opaque, teal sports bra covering her entire chest (the "photograph"). Dkt. #116. Defendants have filed the exhibit in support of a dispositive motion. Dkt. #113. Given Plaintiff's allegations about the purported sensitivity of the photograph, counsel for Defendants conferred with Plaintiff requesting her consent to the public filing of the same. Dkt. #113, at 1. She was opposed to publication, and Defendants filed the exhibit under seal, so that Plaintiff could provide the proper justification in a response brief. *Id.*

No party has presented argument to meet the "compelling reasons" standard. The Court takes Plaintiff's failure to respond as an admission that Defendant's arguments against sealing

ORDER ON MOTION TO SEAL - 2

the exhibit have merit. *See* LCR 7(b)(2). The Court agrees with Defendants' contention that publication of the photograph is unlikely to cause harm to Plaintiff, since there is nothing in the photograph that is a violation of the right of privacy and publicity or a violation of any applicable statute. Dkt. #113 at 2. The sensitivity concerns of the photo are outweighed by the strong presumption of public access to the court's files.

Accordingly, the Court finds that Defendants' Motion to Seal, Dkt. #113, is DENIED. The Clerk is directed to unseal Exhibit A, Dkt. #116.

DATED this 22nd day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE